IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Gregory Boyer, | |
| Plaintiff, | Case No: 2:20-cv-1123-JDP |
| v. | Judge James D. Peterson |
| Advanced Correctional Healthcare, Inc., *et al.*, | Magistrate Judge Stephen L. Crocker |
| Defendants. | |
| Gregory Boyer, | |
| Plaintiff, | Case No: 3:22-cv-00723-JDP |
| v. | Judge James D. Peterson |
| USA Medical & Psychological Staffing, Inc., *et al.*, | Magistrate Judge Stephen L. Crocker |
| Defendants. | |

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., LISA PISNEY, AND AMBER FENNIGKOH'S RESPONSE TO PLAINTIFF'S RENEWED MOTION TO COMPEL DATED 5 SEPTEMBER 2023**

NOW COMES Defendants Advanced Correctional Healthcare, Inc (ACH), Amber Fennigkoh, and Lisa Pisney (collectively "ACH Defendants"), by and through their attorneys Leib Knott Gaynor LLC, and submit this brief in opposition to plaintiff's renewed Motion to Compel (ECF 148).

### INTRODUCTION

Plaintiff on September 5, 2023 filed a Renewed Motion to Compel additional responses on certain discovery requests. The same topics were subject to a prior motion to compel dated June 6,

2022, which the parties briefed and the Magistrate addressed. (ECF 81, 130). Counsel have spent hour upon hour discussing these same discovery requests in at least five (5) telephone conversations. (*See, e.g.,* ECF 130, ¶ 3 (describing Rule 37 conference lasting more than 1 hour, 40 minutes in June 2022)). Despite the Magistrate's attempt to provide guidance (e.g., "relevance and proportionality [will] remain the watchwords" for further discovery), plaintiff's counsel is ultimately unable to accept any outcome other than his preconceived view of what ACH Defendants should be—ignoring whether documents actually exist and defendants' repeated explanations.

Defendants will not further occupy the Court's time and attention once again recounting their version of the multiple conversations that have taken place over the years attempting to satisfy plaintiff's counsel as to these precise discovery requests. Faced with the present motion, defendants offered once again to meet with plaintiff's counsel to attempt to resolve the dispute. As described below, the parties have agreed on a process to continue to address two of the three disputes at issue in the present motion, thus resolving the present motion as to those issues. Specifically, ACH Defendants agreed in an extended telephone discussion with plaintiff's counsel on September 28, 2023 to a process that attempts to resolve plaintiff's Requests for Production 27 of plaintiff's First Set of Rule 34 Discovery dated May 3, 2021 (ECF 81-10) and Requests for Production 7-31 of plaintiff's Fourth Set of Rule 34 Discovery dated February 17, 2022 (ECF 81-12). Those requests are no longer in dispute at this time.

The sole item of contention remaining is ACH Defendants' response to Interrogatory No. 19. The response as phrased is complete and accurate. Plaintiff's continued insistence that ACH Defendants conform their response to plaintiff's counsel's preferred terminology is, in fact, a collateral attack on the Magistrate's prior decision finding that ACH's litigation risk assessment is

2

privileged. (*See* ECF 59-61 (Magistrate ruling after *in camera* review that review of litigation risk by Medical Director, addressed to litigation counsel, is privileged). The Court should deny the motion to compel.

## STATUS UPDATE

As noted, ACH Defendants do not wish to recount here the ongoing discovery disputes in this case or the hours devoted to discussion with plaintiff's counsel about those disputes but wish to highlight a few key points. First, the parties did hold a telephonic conference pursuant to plaintiff's June 26, 2023 Rule 37 letter. ACH was *not* unprepared to discuss the items plaintiff highlighted as outstanding. Rather, plaintiff's counsel was simply unsatisfied with ACH Defendants' position, i.e., defendants maintained their previously stated objections. After conducting that Rule 37 conference, ACH counsel further investigated the requests in plaintiff's June 26, 2023 letter and supplemented plaintiff via email on August 15, 2023. *See* Declaration of Daniel A. Kafka Ex. 1. Still unsatisfied with defendants' position, plaintiffs' counsel responded by email dated August 16, 2023 demanding a conference in the next seven days. *Id.* Ex 2. Unfortunately, ACH counsel was involved in trial preparation for another matter which consumed all of counsel's time and was not able to convene a conference call within the timeframe unilaterally set by plaintiffs' counsel. The subject motion to compel was served on September 5, 2023 while ACH's counsel remained fully occupied by trial preparation. ACH Defendants informed plaintiffs' counsel of that fact and a Rule 37 Conference was scheduled for Thursday, September 28, the first available date for both parties following ACH Defendants' counsel's trial in the other matter.

During that Rule 37 conference, the parties were successful at resolving several of the issues in plaintiffs' renewed motion to compel. Parties have developed a plan for defense counsel

to respond to Request for Production Number 27 (ECF 81-10 at 23 ¶ 27). The parties also developed a plan to continue to work to resolve plaintiffs' concerns as to Requests for Production 7-31 (ECF 81-12 at 8-9 ¶¶ 7-31). Finally, the parties attempted, though unsuccessfully, to resolve the disputed Interrogatory 19 (ECF 81-12 at 3 ¶ 19).

## ARGUMENT

### A.     Interrogatory No. 19.

Plaintiff's Interrogatory No. 19 was served as part of *Plaintiff's February 17, 2022 Discovery to Advanced Correctional Healthcare, Inc*. on February 17, 2022. The request is as follows:

**Interrogatory No. 19 reads, in full:**

> Did ACH conduct a mortality review (also know (sic) as a death review) or administrative review regarding the medical incident at issue in this case? If your answer is anything other than an unqualified no, please identify when the review was conducted, who participated in the review, and identify any documents reflecting the outcome of such a review, including any changes made to ACH's practices in light of the review.

ECF 81-12 at 3 ¶ 19.

ACH Defendants provided their initial response on April 5, 2022. The response provides:

**Responding Defendant's Response:**

> Object to the request on grounds it is impermissibly vague and overly broad, specifically the phrases "mortality review", "death review", and "administrative review." Further object this is invasive of the attorney-client privilege and/or work product doctrine. Further object that it is compound. Subject to the objections and without waiving same, Dr. Schamber completed a review on January 14, 2020, as per pleadings on file in this matter. The subject matter of the review is privileged and included in the Privilege Log (FC 1533-1534).

*Id.*

ACH Defendants' response confirms that Ms. Boyer's care was reviewed in a legal-medical risk assessment process whereby the Medical Director at the time, Dr. Schamber, completed a legal risk assessment at the request of ACH's General Counsel. (*See* ECF 59, ACH Defs.' Brief in Opp. to Motion to Compel, at 2-3, explaining process and purpose). Acknowledging the response is "anything other than an unqualified no," it explains the review that was completed. ECF 81-12 at 3 ¶ 19.

The response was signed by Dr. Schamber's successor as Medical Director, Dr. Jillian Bresnahan. (ECF 81-12 at 5). It is a complete and accurate description of the review process that was completed. It affirms what plaintiff's counsel already knows: that a review of Ms. Boyer's death arguably within the vague terms of request was completed. It also describes the process for that review, referring to the briefing and the Court's resolution of the privilege issue. (ECF 59-61). Plaintiff's counsel already having been made aware of the review process that was employed, and the Court already having found the product of the process to be privileged, additional supplementation will not lead to relevant information. Requiring ACH to draft additional descriptions of its process is disproportional to the needs of the litigation.

Plaintiff's argument in support of the motion does not identify a deficiency in the response, nor does it take issue with the accuracy of the response. Plaintiff's counsel knows the response is accurate. Rather, plaintiff takes issue with ACH Defendants' counsel's attempt to explain its position in an email. (ECF No 148 at 10 (declaring of defendants' email explanation, "That response is not enough.") Respectfully, the Court should not be dragged into the parties' email discussion about the interrogatory response. The parties have spent hours upon hours at plaintiff's insistence—and have now burdened the Court—with "arguments about arguments." This motion properly concerns the *completeness* of the response, i.e., whether the words in the response

substantively respond to the words in the request. The answer is responsive and accurate. The litigation risk assessment completed by ACH arguably falls within one of the three vague descriptions in the request ("mortality review", "death review", or "administrative review"). Plaintiff's compulsive insistence on wordsmithing a particular response should be denied and defendants' costs awarded.

Plaintiff fails to advise the Court of its real intention with respect to the request. Plaintiff is utilizing this motion to collaterally attack the Magistrate's prior decision confirming the litigation risk assessment completed by Dr. Schamber is privileged. (ECF No. 61 (confirming decision on *in camera* review in text order)). While counsel represents it is not "question[ing] that ruling here" (ECF 148 at 10), plaintiff's intention is to do so in future motions. Specifically, counsel has argued that a "mortality review" as defined by the National Commission on Correctional Healthcare (NCCHC) is a routine business process. Plaintiff is attempting to enlist the Court to order ACH to define its litigation risk assessment process as an NCCHC-specified "mortality review." (*See* ECF 148 at 10 (arguing, erroneously, that ACH's review process cannot be privileged). Plaintiff will then, no doubt, seek reconsideration of the Magistrate's prior ruling on grounds the litigation risk assessment is a routine business practice.

Plaintiff but does question the Magistrate's ruling "here," but carefully chose its language to allow for precisely that argument the next motion. (ECF 148 at 10). The re-litigation of this issue is a waste of time. The Magistrate advised the parties on March 25, 2022, that its decision on *in camera* review was "not a close call" and the litigation risk assessment documentation was "plainly" privileged. Plaintiff's collateral attack on the decision will not yield relevant information and the costs involved in litigating and re-litigating the issue far outweigh any probative value gained from compelling ACH Defendants to rephrase their response to Interrogatory No. 19.

## CONCLUSION

The issue before the Court is whether ACH Defendants' response to Interrogatory No. 19 is somehow deficient. Plaintiff has not identified a deficiency, nor can it deny the request is complete and accurate. ACH Defendants have answered the interrogatory fully, completely, and accurately. The motion should be denied, and costs awarded in favor of ACH Defendants with regard to both times this matter was brought before the Court and briefed. (ECF 81, 148).

Dated this 2nd day of October, 2023.

**LEIB KNOTT GAYNOR LLC**

By: _/s/ Douglas S. Knott_
Douglas S. Knott, SBN 1001600
Daniel A. Kafka, SBN 1122144
Attorneys for the ACH, Lisa Pisney
and Amber Fennigkoh
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax: (414) 276-2140
Email: dknott@lkglaw.net
dkafka@lkglaw.net