IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF DEMETRIUS L. STEPHENSON
BY SPECIAL ADMINISTRATOR RICHARD COAD,

    Plaintiff,

v.                                                          Case No. 22-CV-956

CALUMET COUNTY, MAGGIE RATAJCZAK,
DALIA DEDERING, KATRINA RUMPFF,
LORI FLEMING, KURT MAYER, KIMBERLY SENTEK,
STEVEN JOHANNES, BRIAN BREIT, KURT KOHLER,
ELIZABETH ZAHROBSKY, BRIAN POST,
BRENDA KNUPPEL, JULIE HOERNING, BRETT J. BOWE,
DANIEL VAN OSS, KYLES VANG, HEATHER ZITTLOW,
KRISTEN KLOTZ, SHANNON TESKA, NICOLE SMITH,
KRISTI LECLAIR, ADVANCED CORRECTIONAL
HEALTHCARE, INC., DR. KAREN RONQUILLO,
AMY KEPPERS, ASHLEY PFEIFER, AND ROXANNE MORRIS,

    Defendants.

## PROTECTIVE ORDER

Based on the stipulation of the parties, IT IS ORDERED that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

1.     Any producing party from time to time may designate as "Confidential" any portion of discovery materials that actually contains confidential information, the disclosure of which would, in good faith judgment of the Producing Party, result in disclosure of confidential information. Specifically, "confidential" under this Stipulation means the following:

    a.   Confidential materials within the training, personnel, and disciplinary file(s) of any named defendant or within such files of any current or former employee of Calumet

      County, and other personal, confidential materials or records that contain social security numbers, home addresses, names of minor children, full dates of birth, financial account numbers, passwords, medical and psychological records, and the like.

    b. Confidential materials that pertain to the safety and security processes and procedures of the Calumet County Jail, to the extent that the materials contain information that could compromise the safety and security of the facility, staff, and/or inmates through inclusion of information regarding security measures.

2. To the extent possible, social security numbers, home addresses, names of minor children, dates of birth except the year, financial account numbers, and medical and psychological records will be redacted by the producing party prior to production, in lieu of labeling such information confidential. Inspection and production of documents or information designated as "Confidential" will be conducted pursuant to the following terms and conditions:

    a. Documents or information designated as "Confidential" shall be disclosed only to counsel of record in this action and individuals employed by or assisting counsel in litigating this action, the parties, the Court, court personnel, members of the jury, stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case, and impartial neutrals retained to mediate this action.

    b. Any such confidential documents or information shall be used only for the purpose of prosecuting this action and may not be used by any party or person for any other litigation or non-litigation related purpose.

3. Any witness, lay or expert, to whom such confidential documents or information contained therein is to be disclosed shall first be advised by counsel making that disclosure that,

pursuant to this Protective Order, such person or firm may not divulge any such information to any other person. If confidential materials are disclosed in a setting where the producing party who designated materials as confidential is present, the burden shall fall on the producing/designating party, and not the disclosing party, to inform the witness of the Protective Order. If confidential materials are disclosed in a setting where the producing party who designated materials as confidential is not present, the burden shall fall on the disclosing party to inform the witness of the Protective Order.

    a. Counsel shall inform the witness of the Protective Order by securing from each such witness the attached written statement that he/she understands that, pursuant to this Protective Order, such person may not divulge any such confidential documents or information to any other person and that he/she further submits to this Court's jurisdiction for contempt or any other appropriate proceeding in the event of any alleged violation of this Protective Order. The form of such statement is attached hereto as Exhibit A.

    b. Copies of the executed statement obtained by the non-producing/designating party shall be promptly furnished to the producing/designating party at the conclusion of this action.

4. The terms and conditions of this Order shall remain binding on all parties and their counsel after the conclusion of this action.

5. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other evidence filed with the Court reveal information that has been designated as confidential, the confidential information must either be redacted or must be filed under seal by the filing party pursuant to the procedures of the United States District

Court for the Eastern District of Wisconsin for filing sealed documents. The burden will always be on the producing party to label as "Confidential" any interrogatory answer, transcript, or response to a request for admission as confidential, before the burden will fall on the filing party to redact or seal. In the case of deposition testimony, counsel for any party desiring to designate any portion of the transcript or exhibits thereto confidential shall, within ten days after the transcript has been received by such counsel, designate those portions of the transcript which contains testimony concerning confidential materials as "Confidential."

6. Any party filing evidence designated as confidential under section (5) must either (1) file the material under seal; or (2) file an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal within 21 days of the objection.

   a. Any requirement to file a separately-filed, unsealed version that redacts truly confidential information of any document filed under seal pursuant to this agreement shall fall on the producing party who designated the evidence as confidential, and not the filing party.

   b. If the producing party does not file a redacted version pursuant to the above paragraph, within two business days of the sealed version being filed or within a time period granted by the Court, whichever is greater, the filing party or the Court may refile the document un-redacted and not under seal.

7. The production of such confidential documents or information by the producing party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

8. At the termination of this action and all related proceedings, all information

designated as confidential pursuant to this Stipulation shall be either returned to the party who produced it upon request or destroyed.

9. Any party or interested member of the public may apply to the Court for an order modifying this Protective Order, removing the "Confidential" designation from any confidential materials, or extracts or portions thereof, or reclassifying confidential materials.

Dated at Green Bay, Wisconsin this 24th day of January, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF DEMETRIUS L. STEPHENSON,
by special administrator Richard Coad,

        Plaintiff,

    v.                                                          Case No. 22-C-956

CALUMET COUNTY, et al.,

        Defendants.

---

## MODIFIED HIPAA QUALIFIED PROTECTIVE ORDER

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), the Court finds good cause for the issuance of a HIPAA qualified protective order and Orders as follows:

      A.    Calumet County, their attorneys, and their employees, their contractors, or associated "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose, receive, and transmit "protected health information" (PHI) pertaining to past or present inmates at the Calumet County Jail in response to discovery requests from parties in this matter to the extent and subject to the conditions of this Order.

      B.    Advanced Correctional Healthcare, Inc., their attorneys, and their employees, their contractors, or associated "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose, receive, and transmit "protected health information" (PHI) pertaining to past or present inmates in any correctional institutions where Advanced Correctional Healthcare, Inc. or any of its subsidiaries or related corporate entities is/was contracted to provide healthcare (either medical or mental), in response to discovery requests from parties in this matter to the extent and subject to the conditions of this Order.

      C.    The parties and their attorneys are hereby authorized to receive, transmit, examine and obtain testimony of PHI that is produced pursuant to the above paragraphs A and B.

D.   For the purposes of this qualified protective order, PHI shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

E.   The parties and their attorneys shall be permitted to use or disclose PHI that is produced pursuant to the above paragraphs A and B for purposes of prosecuting or defending the above-captioned action only, including any appeals of the above-captioned action. This includes disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation of this action.

F.   PHI may not be used or disclosed for any purpose other than this litigation. All persons permitted access to PHI obtained pursuant to above paragraphs A and B shall be informed that the access is subject to this Order and limited to necessary use in the above-captioned action. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

G.   To the extent that any of the parties have a policy that medical records, or PHI may not be released without either written authorization of the individual or a court order, this Order sufficiently fulfills that requirement and permits disclosure pursuant to 45 C.F.R. § 164.512(e).

H.   The parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA.

I.   Nothing in this Protective Order restricts the right of the parties to refer publicly to health information of any party or non-party so long as the health information is not sufficient to identify or could reasonably be expected to identify the individual.

J.   This Order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

K.   Documents produced pursuant to this Protective Order shall be marked "CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER." Documents produced pursuant to this Protective Order shall be used in this proceeding only and maintained in accordance with privacy standards.

L.   This Protective Order shall not be deemed a waiver of a party's right to object to a request for discovery on the basis of relevance, materiality, proportional value, privilege, overbreadth, burden, expense, or other recognized objection to discovery. This Protective Order by itself, does not require any person or entity to produce any records or allow a person or entity to inspect or obtain records, regardless of whether such records are

sought through discovery requests served by the parties in this matter, or through a request or subpoena served on a third party. This Protective Order does not affect the applicability of Federal Rule of Civil Procedure 26(b)(1) to any party's discovery requests or responses, or to any person's or entity's responses to any subpoena. This Protective Order is intended to protect PHI that is disclosed pursuant to discovery that is otherwise permitted by the Federal Rules of Civil Procedure.

M.   At the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of PHI received pursuant to this Order, shall return all PHI in their possession to the party or covered entity, or destroy any and all paper or electronic copies of PHI in their possession, except that counsel are not required to secure the return or destruction of PHI submitted to the court.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of October, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
