IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Gregory Boyer, | |
| Plaintiff, | Case No: 2:20-cv-1123-JDP |
| v. | Judge James D. Peterson |
| Advanced Correctional Healthcare, Inc., *et al.*, | Magistrate Judge Stephen L. Crocker |
| Defendants. | |
| Gregory Boyer, | |
| Plaintiff, | Case No: 3:22-cv-00723-JDP |
| v. | Judge James D. Peterson |
| USA Medical & Psychological Staffing, Inc., *et al.*, | Magistrate Judge Stephen L. Crocker |
| Defendants. | |

## PLAINTIFF STATUS REPORT AND PROPOSED SCHEDULE

Plaintiff submits this status report and proposed schedule pursuant to the Court's March 21, 2024 Text Order, and in response to ECF 190 and ECF 192, two filings by the defendants.

### BACKGROUND

Plaintiff initiated compliance with the Court's March 23 order with an email to ACH on March 23, asking ACH, to provide information regarding the fields Gallagher Bassett used to track documents and information relating to ACH medical cases.  There were considerable delays gathering this information such that by the afternoon of April 18, all parties had agreed that they should ask the Court to extend both the April 18 report deadline and the April 25 hearing to gather more information.  Then at 7:54 p.m. on April 18, ACH reversed course and

1

filed ECF 190, which proposed that both the April 25 hearing should go forward and that the parties should propose a discovery schedule (a few days after April 18).  *See* ECF 190.

The next day, ACH proposed the parties hold a scheduling conference.  Plaintiff, maintaining the agreement that the parties had reached on April 18 that more time was required to gather information to propose a schedule to the Court, objected to proceeding forward with a scheduling conference.  Defendants nevertheless have proposed a schedule, ECF 192 at 3.

Plaintiff has maintained that the appropriate course of action should have bene for the parties to gather more tracking information to propose a discovery schedule, as all parties had agreed to do as of April 18, and objected to a conference on those grounds.  In retrospect this may have been due to a misunderstanding regarding how and when Gallagher Bassett intended to provide additional information, including the company's willingness to transfer Plaintiff's subpoena to Gallagher Bassett to this Court.

Plaintiff's understanding was evidently incorrect, and Plaintiff is confident the matter of Gallagher Bassett's tracking information can be resolved promptly in this Court. In that light, and because Defendants have proposed a schedule *structure* rather than a schedule, Plaintiff offers the following responsive status report and proposed schedule.

## DISCUSSION

### A. Defendants' proposed schedule structure.

Plaintiff does not object generally to the schedule structure proposed by Defendants in ECF 192 at 3 ¶ 9, with one modification:

Depending on the documents and information available from Gallagher Bassett, it may be necessary to conduct limited additional discovery in particular cases to understand what happened.  In Ms. Boyer's case, for example, the jail's medical records alone would be

inconclusive, since they do not reveal what happened to Ms. Boyer after Nurse Practitioner Pisney prescribed aspirin for her at 8:00 p.m. on Sunday evening. In such a case, where a catastrophic outcome is indicated in Gallagher Bassett's tracking records but is missing in medical records, it would be necessary to subpoena additional records, requiring some additional time. In Step 2, Plaintiff would convert the 60-day window to 90 days, as reflected below.

Otherwise, the structure of Defendants' proposed schedule is agreeable to Plaintiff. Plaintiff sets out proposed schedule, as adjusted, here:

1. Production to Plaintiff of Gallagher Bassett records and information 30 days after agreement of selection information

2. Plaintiff deadline to disclose all experts **60 90** days after completed production of Gallagher Bassett records and information.

3. Defendants depose Plaintiff experts 30 days after Plaintiff expert disclosure.

4. Defendants disclose expert 60 days after Plaintiff expert disclosure.

5. Dispositive motion deadline 30 days following disclosure of defense expert reports.

6. Close discovery on dispositive motion deadline except deposition of defense experts subject to completion 5-6 weeks before trial.

**B.   Non-schedule matters.**

While Plaintiff is generally in agreement with the proposed schedule structure as set forth above, Plaintiff does anticipate there are several non-schedule matters which will likely call for further conference by the parties and/or briefing with the Court. Plaintiff revies those matters here.

**1.   Non-death records.**

The Gallagher Bassett tracking information Plaintiff has been provided thus far indicates that in addition to deaths, Gallagher Bassett tracks catastrophic medical outcomes generally.

Many of these events could be highly relevant evidence to Plaintiff's *Monell* claims. (Someone with a medical event virtually identical to Ms. Boyer's, for example, might have suffered brain damage from lack of oxygen during cardiac arrest, but not death.) Had Plaintiff learned of the information tracked by Gallagher Bassett in 2021, Plaintiff would have added a discovery request to request for such records. Plaintiff proposes to gather such records from Gallagher Bassett now. Plaintiff submits that this larger population of medical cases will enable him to more accurately identify cases similar to Ms. Boyer's, whether or not they resulted in death.

Resolving this discovery may require conference between the parties as part of their Gallagher Bassett discussions, after the April 25 hearing.

### 2. Payment of costs for Gallagher Bassett.

During the parties' discussions over the last month, ACH indicated that it would seek to recover costs incurred by Gallagher Bassett for responding to Plaintiff's discovery, pursuant to Rule 45's cost-shifting provisions. That position is reflected in language contained in Defendants' proposed schedule. *See* ECF 192 ¶ 9(a). Plaintiff has taken the position with ACH that Gallagher Bassett is not a disinterested third party who Rule 45's cost-shifting provisions are designed to protect, and thus should not be entitled to cost-shifting.

Resolving this issue will require briefing by the parties to assist the Court in deciding Gallagher Bassett's cost-shifting request. That briefing can be completed contemporaneously with the parties' conferences regarding selection of Gallagher Bassett tracking information, such that its resolution should not impact the schedule in this case.

### 3. Expert disclosure.

In ECF 192, Defendants contemplate that only one person—Dr. Jeff Keller—would be permitted to submit any additional expert opinions for Plaintiff going forward. *See* ECF 192 at 3

¶ 9. When the Court issued the March 21 Order, the deadline for Plaintiff to submit expert reports in this case was June 10, 2024. At that time Plaintiff was (and still is) actively working to disclose additional expert opinions (not by Dr. Keller) in compliance with that deadline. Plaintiff, furthermore, does not intend to use Dr. Keller to provide opinions regarding the additional *Monell* evidence gathered pursuant to the Court's March 21 Order. Plaintiff understands the caselaw to permit the disclosure of multiple and overlapping experts if the disclosures are made within the Court's deadline for disclosing experts. Defendants, who have deposed Dr. Keller already, evidently take a different view.

Whether Plaintiff can be prohibited from introducing opinions of other experts before the deadline to disclose expert opinions is an issue that will require briefing for the Court's resolution. Plaintiff submits that this briefing can occur, and the issue resolved, without disturbing the case schedule proposed by Defendants in ECF 192 and by Plaintiff *supra*.

Dated: April 24, 2024

Respectfully submitted,

/s/ *Stephen Weil*

*One of Plaintiff's attorneys*

Jonathan Loevy
Steven Art
Stephen H. Weil
Maria Makar
Megan Porter
Loevy + Loevy
311 N. Aberdeen Street
Chicago, IL 60607
(312) 243-5900
weil@loevy.com